IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Darby Scarberry, | Case No. 3:11 CV 1066 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Dr. Hale, et al., | |
| Defendants. | |

*Pro se* Plaintiff Darby Scarberry filed this action under 42 U.S.C. § 1983 against North Central Correctional Institution ("NCCI") Physician Dr. Hale, NCCI Mental Health Nurse Practitioner Erin Gibbons, Mental Health Quality Assurance Coordinator Ms. Castaneda, NCCI Pharmacist John Doe, NCCI Health Care Administrator Polly Schmaltz, and John/Jane Does 1–10. Plaintiff alleges the prison medical staff gave him an overdose of his psychiatric medication, and failed to follow through with subsequent appointments. He seeks monetary damages.

## BACKGROUND

Plaintiff was diagnosed with bi-polar disorder, post traumatic stress disorder, and clinical depression. An NCCI psychiatrist prescribed Lithium, Effexor, Prozac, Visteral, and Inderal for these conditions. The medications were dispensed daily at the prison infirmary "pill call window." (Doc. No. 1 at 7).

In June 2010, the prison psychiatrist altered Plaintiff's prescription for Effexor to allow him to carry the medication with him and take it three times daily on his own. His other medications, however, were still dispensed from the infirmary. The prison pharmacist filled the self-carry prescription but failed to remove it from the medications he received at the pill call window. For approximately eleven days, Plaintiff received a double dose of Effexor.

Later, Plaintiff fell in the shower, hit his head on the shower wall and floor, and lost control of his bodily functions. He contends he was shaking severely and could not move without assistance. He was admitted to the infirmary where he reported a strong headache and confusion. Blood tests confirmed the overdose of Effexor. Although Plaintiff's dosage of the medication immediately was reduced, he continued to experience side effects for several days. Dr. Hale decreased all of Plaintiff's medications to their lowest dose and wrote a referral for Plaintiff to be seen in the Mental Health Department.

Plaintiff alleges he did not receive appropriate care after his release from the infirmary. He claims Dr. Hale told him he would see him in two weeks, but that appointment did not take place. Plaintiff was seen by the Mental Health Liaison, Dr. Pruitt, in July 2010. Plaintiff informed Dr. Pruitt of the changes in his medications and Dr. Pruitt issued another referral to the Mental Health Department. Mental Health Nurse Practitioner Erin Gibbons met with Plaintiff in August 2010. She altered his medications and told him she would schedule another appointment in two weeks. That appointment also did not take place.

Plaintiff asserts Defendants were negligent in providing medical and psychiatric care as follows:

2

- The pharmacist was negligent in filling both Effexor prescriptions.

- Dr. Hale did not provide adequate treatment for his head injury; and changed his medications but failed to schedule additional appointments to monitor his progress.

- Gibbons altered his medications without scheduling additional appointments to monitor his progress. He alleges he suffered withdrawal symptoms from the abrupt discontinuation of certain medications.

- Schmaltz and Castaneda did not properly investigate his medical complaints.

### STANDARD FOR DISMISSAL

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

3

## ANALYSIS

Claims for inadequate medical and psychiatric care arise under the Eighth Amendment. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

While Plaintiff's medical condition is arguably serious, he has not established Defendants acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Plaintiff alleges the pharmacist was negligent in dispensing his medication, causing him to receive an overdose. He claims the institution doctors

were negligent in scheduling appointments to monitor his condition. Mere negligence in diagnosing or treating a medical condition, however, does not state a valid Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* The allegations set forth in the Complaint are insufficient to state a claim under the Eighth Amendment.

## CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). In light of this dismissal, Plaintiff's Motion for Appointment of Counsel (Doc. No. 3) is denied as moot. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                           s/ *Jack Zouhary*
                                           JACK ZOUHARY
                                           U. S. DISTRICT JUDGE

August 30, 2011